UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DYSHAY McKINNON, | No. 2:14-0450 JAM CKD PS |
| Plaintiff, | |
| v. | ORDER |
| TWIN RIVERS UNIFIED SCHOOL DISTRICT, et al., | |
| Defendants. | |

The motion to dismiss filed by defendant Twin Rivers Unified School District came on regularly for hearing on July 9, 2014. Plaintiff Dyshay McKinnon appeared in propria persona. Lynn Garcia appeared for defendants. Upon review of the documents in support and opposition, upon hearing the arguments of plaintiff and counsel, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

In this action, plaintiff alleges a claim under Title VII for racial discrimination. Plaintiff was employed by defendant Twin Rivers at Nova Community School. Plaintiff alleges she was discriminated against on the basis of race because she was not allowed to take comp time and another staff person of Indian descent, who was also working as a Registrar, was allowed to take comp time. Plaintiff also alleges she was discriminated against when she was laid off and

/////

1  transferred to another school within the District.  Defendant Twin Rivers School District moves to
2  dismiss for failure to state a claim, or in the alternative, for a more definite statement.
3       In considering a motion to dismiss for failure to state a claim upon which relief can be
4  granted, the court must accept as true the allegations of the complaint in question, <u>Erickson v.</u>
5  <u>Pardus</u>, 127 S. Ct. 2197, 2200 (2007), and construe the pleading in the light most favorable to the
6  plaintiff, <u>see</u> <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974).
7       In order to avoid dismissal for failure to state a claim a complaint must contain more than
8  "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause
9  of action." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555-557 (2007).  In other words,
10 "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory
11 statements do not suffice." <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009).  Furthermore, a claim
12 upon which the court can grant relief has facial plausibility.  <u>Twombly</u>, 550 U.S. at 570.  "A
13 claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw
14 the reasonable inference that the defendant is liable for the misconduct alleged." <u>Iqbal</u>, 129 S. Ct.
15 at 1949.
16      Title VII provides that it is unlawful for an employer "to discriminate against any
17 individual with respect to his compensation, terms, conditions, or privileges of employment."
18 42 U.S.C. § 2000e–2(a)(1).  The Supreme Court has held that "this not only covers 'terms' and
19 'conditions' in the narrow sense, but 'evinces a congressional intent to strike at the entire
20 spectrum of disparate treatment . . . in employment.' " <u>Oncale v. Sundowner Offshore Servs.,</u>
21 <u>Inc.</u>, 523 U.S. 75, 78, (1998) (quoting <u>Meritor Savings Bank, FSB v. Vinson</u>, 477 U.S. 57, 64
22 (1986)).  "In order to establish a prima facie case of discrimination, a plaintiff must show (1) that
23 he belongs to a protected class; (2) he was qualified for the position; (3) he was subject to an
24 adverse employment action; and (4) similarly situated individuals outside his protected class were
25 treated more favorably." <u>Leong v. Potter</u>, 347 F.3d 1117, 1124 (9th Cir. 2003).  A Title VII
26 plaintiff may prove a defendant's discriminatory motive through circumstantial evidence alone.
27 <u>See</u> <u>Desert Palace, Inc. v. Costa</u>, 539 U.S. 90, 100 (2003); <u>Cornwell v. Electra Cent. Credit</u>
28 <u>Union</u>, 439 F.3d 1018, 1030 (9th Cir. 2006).  Evidence that one or more similarly situated

individuals outside of the protected class received more favorable treatment can constitute sufficient evidence of discrimination for a Title VII plaintiff to prevail. See, e.g., McDonald v. Santa Fe Trail Transp. Co., 427 U.S. 273, 282 (1976) (holding that a plaintiff can establish a Title VII violation based on evidence that two white employees "were discharged for their alleged participation in a misappropriation of cargo ... but that a fellow [non-white] employee ... was not"); Noyes v. Kelly Servs., 488 F.3d 1163, 1172 (9th Cir. 2007) (evidence that an employer favored a "more junior, less qualified" religious employee over a non-religious employee supported an inference of discrimination); Josephs v. Pac. Bell, 443 F.3d 1050, 1065 (9th Cir. 2006) (holding that the district court did not err in admitting comparative evidence regarding three similarly situated employees); Vasquez v. County of Los Angeles, 349 F.3d 634, 641 (9th Cir. 2003) (evaluating comparative evidence regarding two other employees).

Defendant contends plaintiff fails to allege that she was similarly situated to the Indian registrar in all material respects.[1] Defendant is correct that plaintiff has insufficiently pled a conclusory statement that the Indian registrar had the same job description. Although plaintiff fails in her opposition to explain how this deficiency can be cured, in light of plaintiff's pro se status, plaintiff will be allowed to amend to set forth facts supporting her contention that she was similarly situated in all material respects to the Indian registrar.

Defendant further contends that plaintiff did not suffer an adverse employment action when she was transferred to another school. A lateral transfer may constitute an adverse employment action. See Ray v. Henderson, 217 F.3d 1234, 1241, 1243 (9th Cir. 2000); Yartzoff v. Thomas, 809 F.2d 1371, 1375-76 (9th Cir.1987); St. John v. Employment Dev. Dep't, 642 F.2d 273, 274 (9th Cir. 1981); see also Burlington Industries, Inc. v. Ellerth, 524 U.S. 742, 761(1998) ("A tangible employment action constitutes a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits."). "Whether a particular reassignment is

---

[1] Defendant also appears to argue that a comparator of one is insufficient to sustain plaintiff's burden of pleading. As noted in the cases set forth above, defendant's contention on this point is unavailing.

1 materially adverse depends upon the circumstances of the particular case, and should be judged
2 from the perspective of a reasonable person in the plaintiff's position, considering all the
3 circumstances." <u>Burlington Northern and Santa Fe Ry. Co. v. White</u>, 548 U.S. 53, 71 (2006)
4 (discussing reassignment of job duties in Title VII retaliation claim).[2]  Here, plaintiff simply
5 alleges she was assigned the same job duties, but at a different school.  This allegation is
6 insufficient to state a prima facie case for discrimination predicated on her transfer to another
7 school.  However, as with the claim based on the lack of comp time, plaintiff will be allowed
8 leave to amend.[3]

    Accordingly, IT IS HEREBY ORDERED that:

    1.  Defendant's motion to dismiss (ECF No. 7) is granted with leave to amend.

    2.  Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated:  July 9, 2014

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

4 mckinnon.oah

---

[2] Several courts consider the adverse employment action discussed in <u>Burlington Northern</u> to be broader in scope in a retaliation case than in a case simply alleging discrimination, as plaintiff alleges in the instant action.  <u>See, e.g.</u> <u>DaCosta v. Birmingham Water Works & Sewer Bd.</u>, 256 Fed. Appx. 283, 288 (11th Cir. 2007) (not all conduct by an employer negatively affecting employee constitutes adverse employment; to constitute adverse employment action in discrimination case, employee must show serious and material change in terms, conditions, or privileges of employment).

[3] Plaintiff also alleges a second cause of action under California Government Code section 12926, which addresses essential functions of a job in the context of a disability claim.  It is unclear what claim plaintiff is trying to make here and plaintiff's opposition offers no elucidation.  Similarly, plaintiff alleges a third very vague cause of action which appears to be a simple restatement of her first claim under Title VII.  If plaintiff files an amended complaint, it appears plaintiff should limit her claims to those arising under Title VII and superfluous claims should be eliminated.

4