UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DYSHAY McKINNON,<br><br>   Plaintiff,<br><br>   v.<br><br>TWIN RIVERS UNIFIED SCHOOL DISTRICT, et al.,<br><br>   Defendants. | No.  2:14-cv-0450 JAM CKD PS<br><br>FINDINGS AND RECOMMENDATIONS |

   Pending before the court is defendants' motion to dismiss.  The matter was submitted on the papers.  Upon review of the documents in support and opposition, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

   In this action, plaintiff alleges a claim under Title VII for racial discrimination.[1]  Plaintiff was employed by defendant Twin Rivers Unified School District at Nova Community School as a registrar.  Plaintiff alleges she was discriminated against on the basis of race because she was not allowed to take compensatory ("comp ") time and another staff person of Indian descent, who was employed as a registrar at another school, was allowed to take comp time.  Plaintiff also alleges she was discriminated against when she was laid off from her position as registrar at Nova

---

[1] The amended complaint sets forth two causes of action; the second cause of action, however, is duplicative of the first cause of action.  Both are predicated on alleged violations of Title VII.

1

Community School and transferred to another school within the District. Defendant Twin Rivers Unified School District moves to dismiss for failure to state a claim.[2]

In considering a motion to dismiss for failure to state a claim upon which relief can be granted, the court must accept as true the allegations of the complaint in question, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the pleading in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949.

Title VII provides that it is unlawful for an employer "to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment." 42 U.S.C. § 2000e–2(a)(1). The Supreme Court has held that "this not only covers 'terms' and 'conditions' in the narrow sense, but 'evinces a congressional intent to strike at the entire spectrum of disparate treatment . . . in employment.'" Oncale v. Sundowner Offshore Servs., Inc., 523 U.S. 75, 78, (1998) (quoting Meritor Savings Bank, FSB v. Vinson, 477 U.S. 57, 64 (1986)). "In order to establish a prima facie case of discrimination, a plaintiff must show (1) that he belongs to a protected class; (2) he was qualified for the position; (3) he was subject to an

---

[2] Defendant Bob Wilkerson filed an answer to the original complaint on May 27, 2014. Because an amended complaint has now been filed, the previous filing of an answer does not, as plaintiff contends, bar defendant Wilkerson from properly moving to dismiss the amended complaint under Federal Rule of Civil Procedure 12(b)(6). Defendant Wilkerson's contention that he cannot be held individually liable under Title VII is well taken. See Miller v. Maxwell's Intern. Inc., 991 F.2d 583, 587 (9th Cir. 1993) (supervisors and employees cannot be held liable under Title VII). Defendant Wilkerson should therefore be dismissed from the action.

adverse employment action; and (4) similarly situated individuals outside his protected class were treated more favorably." Leong v. Potter, 347 F.3d 1117, 1124 (9th Cir. 2003). A Title VII plaintiff may prove a defendant's discriminatory motive through circumstantial evidence alone. See Desert Palace, Inc. v. Costa, 539 U.S. 90, 100 (2003); Cornwell v. Electra Cent. Credit Union, 439 F.3d 1018, 1030 (9th Cir. 2006). Evidence that one or more similarly situated individuals outside of the protected class received more favorable treatment can constitute sufficient evidence of discrimination for a Title VII plaintiff to prevail. See, e.g., McDonald v. Santa Fe Trail Transp. Co., 427 U.S. 273, 282 (1976) (holding that a plaintiff can establish a Title VII violation based on evidence that two white employees "were discharged for their alleged participation in a misappropriation of cargo ... but that a fellow [non-white] employee ... was not"); Noyes v. Kelly Servs., 488 F.3d 1163, 1172 (9th Cir. 2007) (evidence that an employer favored a "more junior, less qualified" religious employee over a non-religious employee supported an inference of discrimination); Josephs v. Pac. Bell, 443 F.3d 1050, 1065 (9th Cir. 2006) (holding that the district court did not err in admitting comparative evidence regarding three similarly situated employees); Vasquez v. County of Los Angeles, 349 F.3d 634, 641 (9th Cir. 2003) (evaluating comparative evidence regarding two other employees).

Defendant contends plaintiff fails to allege that she was similarly situated to the Indian registrar in all material respects. Plaintiff's original complaint was dismissed with leave to amend to cure this deficiency. The amended complaint once again simply sets forth a conclusory statement that the Indian registrar had the same job description.[3] Because it does not appear that plaintiff can demonstrate that she was similarly situated to the one comparator she alleges in the complaint, the motion to dismiss the claim based on comp time should be dismissed without leave to amend.

Defendant further contends that plaintiff did not suffer an adverse employment action when she was transferred to another school. A lateral transfer may constitute an adverse

---

[3] The facts as alleged in the amended complaint appear to contradict plaintiff's conclusory assertion that she was similarly situated. Plaintiff was registrar at a junior high school; the sole comparator alleged in the complaint was registrar at a senior high school with a larger student body than the school at which plaintiff served as registrar.

employment action.  See Ray v. Henderson, 217 F.3d 1234, 1241, 1243 (9th Cir. 2000); Yartzoff v. Thomas, 809 F.2d 1371, 1375-76 (9th Cir.1987); St. John v. Employment Dev. Dep't, 642 F.2d 273, 274 (9th Cir. 1981); see also Burlington Industries, Inc. v. Ellerth, 524 U.S. 742, 761(1998) ("A tangible employment action constitutes a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits.").  "Whether a particular reassignment is materially adverse depends upon the circumstances of the particular case, and should be judged from the perspective of a reasonable person in the plaintiff's position, considering all the circumstances."  Burlington Northern and Santa Fe Ry. Co. v. White, 548 U.S. 53, 71 (2006) (discussing reassignment of job duties in Title VII retaliation claim).[4]  Here, plaintiff simply alleges she was assigned the same job duties, but at a different school.  Although plaintiff complains that the transfer subjected her to humiliation and loss of prestige, plaintiff's subjective preference for her prior position is insufficient to state a prima facie case for discrimination predicated on her transfer to another school.

Plaintiff was previously granted leave to amend her complaint after being advised of the requirements for stating a claim under Title VII.  The amended complaint fails to cure the deficiencies evident in the original complaint.  It appears further amendment would be futile.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendants' motion to dismiss (ECF No. 15) be granted; and

2. This action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written

---

[4] Several courts consider the adverse employment action discussed in Burlington Northern to be broader in scope in a retaliation case than in a case simply alleging discrimination, as plaintiff alleges in the instant action.  See, e.g. DaCosta v. Birmingham Water Works & Sewer Bd., 256 Fed. Appx. 283, 288 (11th Cir. 2007) (not all conduct by an employer negatively affecting employee constitutes adverse employment; to constitute adverse employment action in discrimination case, employee must show serious and material change in terms, conditions, or privileges of employment).

objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 27, 2014

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

4 mckinnon0450.57